IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ZABRIEL ANTHONY STAFFORD, | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | : |
| | : Case No: 5:14-CV-0377-HL-MSH |
| Officer ASHLEY HAMM and | : |
| Counselor HURT, | : |
| | : |
| Defendants. | : |

## ORDER AND RECOMMENDATION

Plaintiff ZABRIEL ANTHONY STAFFORD, an inmate currently confined at the Riverbend Correctional Facility in Milledgeville, Georgia, has filed a *pro se* civil rights complaint. Plaintiff seeks to proceed in this action without prepayment of the $350.00 filing fee, under 28 U.S.C. § 1915, and also appears to request the assistance of counsel.

### I.     Motion to Proceed *in forma pauperis*

The undersigned has now reviewed Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 2) and, based on his submissions, finds that Plaintiff is presently unable to pre-pay any portion of the filing fee. The Court thus **GRANTS** Plaintiff's motion to proceed without pre-payment and waives the initial partial payment required by 28 U.S.C. § 1915(b)(1). This does not mean that the filing fee is waived, however. Plaintiff will be required to eventually pay the full amount of the $350.00 filing fee using the payment plan described in 28 U.S.C. § 1915(b). The Court's filing fee is not refundable regardless of

the outcome of Plaintiff's case. Plaintiff is thus responsible for paying the entire filing fee even if his lawsuit is dismissed prior to service.

## II. Preliminary Review

Because Plaintiff is not required to pre-pay any portion of the filing fee, his Complaint is now ripe for preliminary review. *See* 28 U.S.C. § 1915A(a).

### A. Standard of Review

When conducting a preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the court. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A prisoner's pleading is, however, still subject to dismissal prior to service if the court finds that the complaint –when viewed liberally and in the light most favorable to the plaintiff – is frivolous or malicious, seeks relief from an immune defendant, or fails to state a claim. *See* 28 U.S.C. § 1915A(b).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To state a cognizable claim, the allegations in the complaint must also do more than "merely create[] a suspicion [of] a legally cognizable right of action." *Id.* at 555. "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662,

663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  To survive preliminary review, a complaint must "raise the right to relief above the speculative level" by creating "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim. *See Twombly*, 550 U.S. at 555-556.

B. Plaintiff's Complaint

In this Complaint, Plaintiff, a mental health patient diagnosed with "HIV," alleges that, at some time between early 2012 and July 2014, other inmates told prison officials and staff that prisoners "with aids do not have any business trying to take classes to go to a transitional center" and that "we kill niggers with Aids at state camps like Macon State Prison."  At some point thereafter, Defendants Hamm and Hurt allegedly told inmates at Riverbend Correctional Facility, "Y'all need to go ahead and kill him so that we won't have that problem here in J-Building[;] he doesn't belong here period."  Then, on July 19, 2014, Plaintiff was attacked by two inmates.  Plaintiff states that he does not know whether one or both of the defendants "took a hit out" on him in retaliation for his filing a grievance, but he knows of no other enemies.  Plaintiff further states that he has been "discriminated against," presumably because of his medical condition, that he is not allowed clippers, shaves, haircuts, or certain details due to his condition, and that he is now being "watched all the time" and threatened by both officers and other inmates.

Based on these allegations, the Court assumes that Plaintiff has potentially attempted to bring claims for deliberate indifference under Eighth Amendment; retaliation under the First Amendment; and/or discrimination under the Equal Protection Clause of the Fourteenth Amendment, the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29

U.S.C. § 701(a)-(c), and/or the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132. Plaintiff's Complaint, however, does not provide sufficient information about the events and the time at which they occurred to link Defendants' alleged conduct to the actions giving rise to Plaintiff's injuries. Nor has Plaintiff named the proper parties for all such potential claims. Many of his allegations are in fact not attributed to a defendant.

Because Plaintiff is acting *pro se*, the Court will give him an opportunity to amend his pleading with respect to his deliberate indifference and discrimination claims. Plaintiff is accordingly **ORDERED** to now supplement his "Statement of Claims" with additional allegations. Plaintiff's supplement must clearly identify, by name, each individual or entity that Plaintiff has a claim against and wishes to include as a defendant in the present lawsuit. Plaintiff should then, beside each name, describe exactly (1) what each defendant did, or did not do, to violate his rights and (2) what injury he suffered as a result of those actions. Plaintiff's statement must be factually descriptive (and not merely state legal conclusions); but it must also be short, plain, and direct and clearly describe the relief sought. *See* Fed. R. Civ. P. 8(a). Plaintiff should thus state his claims as simply as possible and need not attempt to include legal citations. If, in his recast statement, Plaintiff fails to link a named defendant to a claim, that claim will be dismissed; and if Plaintiff makes no allegations in the body of his complaint against a named defendant, that defendant will be dismissed.

To the extent that Plaintiff has brought First Amendment retaliation claims against Defendants Hamm and Hurt, however, it is **RECOMMENDED** that these claims be **DISMISSED** without prejudice. As noted above, Plaintiff admits, in his Complaint, that

he does not know whether Defendants Hamm or Hurt "put a hit out" on him as a result of his filing a grievance. Plaintiff, therefore, has alleged that he does not know whether Defendants retaliated against him. At best, Plaintiff merely suspects that one or both the defendants caused his injuries because he filed a grievance at some point in time. Such speculation does not support a First Amendment claim. *See Twombly*, 550 U.S. at 555-556. *See also, Farrow v. West*, 320 F.3d 1235, 1248-9 (11th Cir. 2003) (explaining that plaintiff must establish a causal relationship between his complaints and alleged retaliatory actions).

### III. Request for Counsel

In his Complaint, Plaintiff also requests "legal assistance from a pro-bono legal aid[] group." Any request for court-appointed counsel is premature. The Court cannot properly evaluate Plaintiff's need for counsel until it has an opportunity to conduct a preliminary review of his Complaint and review any responsive pleadings. Plaintiff's Motion is thus **DENIED**. If, however, it later becomes apparent that counsel should be appointed in this case, because of either the complexity of the issues or their novelty, *Poole v. Lambert*, 819 F.2d 1025 (11th Cir. 1987), the Court will entertain a renewed motion.

### IV. Time for Response

Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date of this Order to amend his Complaint as ordered herein. Plaintiff may also serve and file a written objection to the undersigned's recommendation with the district judge to whom this case is assigned within **FOURTEEN (14) DAYS** after being served a copy of this Order. 28 U.S.C. § 636(b)(1).

While this action is pending, Plaintiff shall also immediately inform the Court in writing of any change in his mailing address. Failure to fully and timely comply with this Order will result in the dismissal of his Complaint. There shall be no service of process until further order.

**SO ORDERED** this 29th day of October, 2014.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE