IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **ZABRIEL ANTHONY STAFFORD,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| VS. : | |
| : | CIVIL No: 5:14-CV-0377-HL-MSH |
| **Officer ASHLEY HAMM, Counselor** : | |
| **HURT, Warden FREDERICK HEAD,** : | |
| **and GEO CORPORATION,** : | |
| : | |
| **Defendants.** : | |

## ORDER

Plaintiff **ZABRIEL ANTHONY STAFFORD**, a state prisoner confined at the Riverbend Correctional Facility in Milledgeville, Georgia, has filed a *pro se* civil rights complaint and was granted leave to proceed in this action *in forma pauperis*.[1] The Court has now conducted a preliminary review of both Plaintiff's Complaint and Amended Complaint, as required by 28 U.S.C. § 1915A(a), and finds that Plaintiff's allegations fail to state a claim upon which relief may be granted. Plaintiff's Complaint is accordingly **DISMISSED**. *See* 28 U.S.C. § 1915A(b)(1).

**I.    Standard of Review**

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).

---

1 Plaintiff is still required to pay the full filing fee under the payment plan set forth 28 U.S.C. § 1915(b)(1) and ordered herein.

*Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the court. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A *pro se* pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). To state a claim, a complaint must include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The plaintiff must also allege sufficient facts to "raise the right to relief above the speculative level" and create "a reasonable expectation" that discovery will reveal evidence necessary to prove a claim. *See id.* "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

## II. Plaintiff's Complaint

This action arises out of Plaintiff's confinement at the Riverbend Correctional Facility. In his Complaint, Plaintiff alleges that he has been threatened by prison officials – specifically Officer Hamm and Counselor Hurt - and attacked by other inmates because he has HIV. Plaintiff, at some point in time, allegedly overheard other inmates tell officers and staff that prisoners "with aids do not have any business trying to take classes to go to a transitional center" and that "we kill niggers with Aids at state camps like Macon State Prison." Plaintiff also overhead, at some point, Officer Hamm and Counselor Hurt tell the inmates, "Y'all need to go ahead and kill him so that we won't have that problem here in J-Building[;] he doesn't belong here period." On July 19, 2014, Plaintiff was attacked by two inmates. Plaintiff further alleges that he has been "discriminated

against," because of his medical condition; that he is not allowed clippers, shaves, haircuts, or "certain details" due to his condition; and that he is now being "watched all the time" and threatened by both officers and other inmates.

Plaintiff thus filed the present lawsuit against Officer Hamm and Counselor Hurt. After reviewing Plaintiff's Complaint (Doc. 1), the United States Magistrate Judge found that the allegations and nature of Plaintiff claims were unclear; Plaintiff was accordingly directed to supplement his Complaint. An Amended Complaint (Doc. 8) has now been filed.

Plaintiff's Amended Complaint provides little clarification. It instead adds new defendants, Warden Fredrick Head and "Geo Corporation," and makes allegations against them. Plaintiff specifically claims that, at some point in 2012, he complained about discriminatory treatment to an "audit member" for Geo Corporation and also told them that he "had been beaten up pursuant to a hit ordered by Officer Hamm and Counselor Hurt." Plaintiff also apparently filed grievances against the officers. The Amended Complaint then states that Plaintiff is bringing Eighth Amendment claims against Warden Head and Geo Corporation for "failure to protect."

## A. Eighth Amendment Claims against Officer Hamm and Counselor Hurt

Based on the allegations in Plaintiff's Complaint, the Magistrate Judge presumed that he wished to bring Eighth Amendment claims against Officer Hamm and Counselor Hurt. "Numerous courts—including the Eleventh Circuit—have recognized that inciting other inmates to harm a prisoner . . . has the potential for great harm and may constitute a violation of the Eighth Amendment." *Jones v. St. Lawrence*, No. CV408–095, 2008 WL 5142396, at *5 (S.D. Ga. Dec. 5, 2008). *See Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984) (per curiam) (allegation that officer endangered prisoner's life by telling inmates he was a snitch, thereby exposing him to the possibility of inmate retaliation, is sufficient to survive preliminary review). In order to state a

3

cognizable claim, however, a plaintiff must, at the very least, include "enough factual matter (taken as true)" to give the defendants "fair notice" of what his claims are and the grounds upon which they rest.  *Twombly*, 550 U.S. at 555-56.  Plaintiff's pleadings fail to do that.

As discussed above, Plaintiff's original complaint contained only vague allegations against these defendants.  Plaintiff claimed not to remember the "exact dates" of when the events occurred and made no attempt to specify when the inciting statements were made or to whom.  This vague timeline is made even more unclear by those allegations contained in his Amended Complaint.  Plaintiff now alleges that, at some point during or before 2012, he complained of being "beaten up pursuant to a hit ordered by Officer Hamm and Counselor Hurt."  The Court is unable to discern whether this is a different event involving Hamm and Hurt or if Plaintiff is again referring to the officers' statement "to go ahead and kill" Plaintiff, as was pled in his original complaint.  If the latter is correct, it would mean that Defendants' alleged statements were made as much as two years before Plaintiff's most recent injuries; in which case, Plaintiff has not shown a causal connection between his 2014 injury and the conduct of Defendants in or before 2012.  If the former is correct, the Amended Complaint must be read as alleging that Defendants incited inmates to injure Plaintiff on more than one occasion.  In that event, however, Plaintiff's claims fail to provide sufficient factual information about Defendants' conduct and Plaintiff's injuries to state a claim.  It is simply unclear whether Plaintiff is attempting to bring claims against Defendants based on conduct occurring in 2012 or 2014 or both.

While Plaintiff may have been unable to specify the exact "date and time" of the events giving rise to his claims against these defendants, he should know in what year the alleged constitutional violations occurred.  Plaintiff should also have been able to specify the factual basis for the claims being brought against Officer Hamm and Counselor Hurt.  Yet, despite the

4

Magistrate Judge's clear warning that his original complaint did not "provide sufficient information about the events and the time at which they occurred to link Defendants' alleged conduct to the actions giving rise to Plaintiff's injuries," *see* Order, Oct. 29, 2014 (Doc. 5), Plaintiff failed to provide more specific allegations in his Amended Complaint.

The Court therefore finds that Plaintiff's allegations fail to provide Defendants "fair notice" of what his claims are and the grounds upon which they rest. Plaintiff's claims against Defendants Hamm and Hurt are accordingly **DISMISSED** for failure to state a claim.

### B. Eighth Amendment Claims against Warden Head and Geo Corporation

Plaintiff's allegations are also not sufficient to state a claim against Warden Head or Geo Corporation. To state a claim against the Warden, Plaintiff must allege facts showing either (1) that the Warden personally participated in the alleged constitutional violation or (2) that there is a causal connection between the actions of the Warden and a constitutional deprivation. *H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086-87 (11th Cir. 1986). Plaintiff's Complaint does not include any such allegations. Even if the Warden could still be held liable for actions taken in 2012, his participation in an after-the-fact review is not enough to establish the Warden's personal involvement in that unlawful conduct. *See Larson v. Meek,* 240 F. App'x 777, 780 (10th Cir. 2007) ("denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations"); *Crowder v. Lash*, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that supervisor could be held liable based on letter). Evidence that Plaintiff made complaints to a Geo Corporation auditor in 2012 would also not necessarily prove that the Warden had personal knowledge of a serious risk of danger and failed to respond reasonably to that risk – especially when the only identified injury occurred two years later. *See id. See also*, *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) ("prison officials who actually

knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk").

To impose liability on Geo Corporation, a private company performing State functions, Plaintiff would have to allege facts showing that an official policy or custom of Geo Corporation was the "moving force" behind the alleged Eighth Amendment violation. *See Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997). Plaintiff has not made any such allegations here; he only alleges that he made a complaint to an auditor employed by Geo Corporation. Even if true, this does not suggest the existence of any "official policy or custom" to allow discrimination or encourage injury of HIV inmates in facilities run by Geo Corporation.

Plaintiff's Eighth Amendment claims against the Warden Head and Geo Corporation are thus also **DISMISSED**.

### C. Discrimination Claims

In his initial complaint, Plaintiff alleged that he has been subject to discrimination because of his HIV status. *See* Compl. at 5. After a review, the Magistrate Judge warned Plaintiff that his allegations were not sufficient to state a claim, as Plaintiff failed to link any defendant to the alleged discriminatory treatment. Plaintiff's Amended Complaint still does not link any defendant to the alleged discrimination; nor does Plaintiff allege that the discrimination was the result of a policy or custom of the Warden or prison. The Court thus finds that Plaintiff has failed to state a § 1983 equal protection claim against Defendants. It is accordingly **RECOMMENDED** that any such claims be **DISMISSED**.

The Magistrate Judge also questioned whether Plaintiff was attempting to bring claims against Defendants under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132. Plaintiff subsequently filed his Amended Complaint and added the prison and warden as

6

defendants; both would be proper parties under ADA.  The Amended Complaint, however, refers only to Eighth Amendment claims.  *See* Amend. Compl. at ¶ 4.  Plaintiff's Amended Complaint also fails to provide any additional detail about the alleged discriminatory treatment.  The cursory allegation in Plaintiff's initial complaint – that he has been denied clippers, shaves, haircuts, and access to "certain details" – simply does not include sufficient facts to give the defendants "fair notice" of the grounds for an ADA claim.  *See Twombly*, 550 U.S. at 555-56.  For these reasons, the Court finds that Plaintiff has neither brought nor stated an ADA claim.

> D.  First Amendment Retaliation Claim

Because Plaintiff's original complaint only speculated that Hurt and Hamm's conduct was retaliatory, the Magistrate Judge has recommended that any First Amendment retaliation claim be **DISMISSED** for failure to state a claim.  *See* Order and Recommendation, Oct. 29, 2014 (Doc. 5).  Plaintiff's Amended Complaint does not include any new allegations of retaliation.  The Magistrate Judge's recommendation is thus **ADOPTED** and made the Order of the Court.

**III.  Conclusion**

Plaintiff has failed to state a claim for relief under § 1983.  His Complaint is accordingly **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

As Plaintiff was previously advised, the dismissal of his Complaint does not relieve his obligation to pay the Court's filing fee.  Plaintiff is still obligated to pay the full $350.00 filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b).  Therefore, in accordance with the Prison Litigation Reform Act, it is now **ORDERED** that Plaintiff's custodian remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00.  Transfers from Plaintiff's account shall continue until the

entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit. In the event Plaintiff is transferred to another institution, his present custodian shall forward a copy of this directive, and all financial information concerning payment of the filing fee and costs in this case, to Plaintiff's new custodian, who shall then continue to collect funds from his account until the full filing fee has been paid. If Plaintiff is released from custody, he remains obligated to pay any remaining balance due and shall continue to remit monthly payments as required by the Prison Litigation Reform Act. If Plaintiff fails to remit payments, the balance may be collected by any means permitted by law.

The Clerk is accordingly **DIRECTED** to mail a copy of this Order to the warden and/or business manager of the facility in which Plaintiff is currently confined.

**SO ORDERED** this 6th day of January, 2015.

*s/ Hugh Lawson*
HUGH LAWSON, Judge
UNITED STATES DISTRICT COURT

jlr